UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABDO ASKAR, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 3:24-CV-0109-X |
| ENVOY AIR INC., | § § § | |
| *Defendant*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Abdo Askar's motion for leave to file an amended complaint. (Doc. 16). Having considered the motion, the Court **GRANTS** it.

**I. Background**

This is an employment discrimination case. Askar worked at DFW airport for Defendant Envoy Air Inc. as a fleet service clerk beginning in 2016. In 2022, Envoy terminated Askar's employment. After exhausting his administrative remedies, Askar filed this lawsuit alleging claims for race/national origin discrimination, hostile work environment, and retaliation. Envoy filed a motion to dismiss. Now, Askar seeks to amend his complaint to clarify his factual allegations and add additional claims. The motion is ripe for this Court's review.

1

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) allows courts to "freely give leave [to amend] when justice so requires."[1]  Decisions concerning motions to amend are "entrusted to the sound discretion of the district court."[2]  To determine whether to grant leave to amend a complaint, courts consider factors such as: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of amendment.[3]

## III. Analysis

The Court concludes that Askar should be given leave to amend his complaint. The proposed amended complaint clarifies factual allegations surrounding Askar's race/national origin discrimination, hostile work environment, and retaliation claims. It also seeks to add a wrongful termination and 42 U.S.C. § 1983 claim.  Askar filed this motion prior to the Court issuing a scheduling order in this case, and there is no evidence of bad faith.  Likewise, it appears that the proposed amended complaint cures deficiencies in Askar's earlier complaint, and, considering this case is still in the early stages, the amendment will not unduly prejudice Envoy.

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998).

[3] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

## IV. Conclusion

For the reasons detailed above, the Court **GRANTS** Askar's motion for leave to file an amended complaint. (Doc. 16). Accordingly, the Court **INSTRUCTS** the Clerk of Court to file Doc. 16-1 as a separate docket entry.

**IT IS SO ORDERED** this 13th day of May, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE